```
         IN THE DISTRICT COURT OF THE UNITED STATES
             FOR THE MIDDLE DISTRICT OF ALABAMA
                        EASTERN DIVISION
```

| | | |
|---|---|---|
| **HUBERT BERTRAM CORBETT, and** | ) | |
| **BRENDA HOVEY CORBETT,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:22-cv-633-MHT |
| **STEVEN CLARENCE ARMSTRONG,** | ) | (WO) |
| **An individual, and GEORGIA POWER** | ) | |
| **COMPANY, a corporation,** *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The court held a pretrial conference on **November 30, 2023**. This order contains the result of the conference and other talks with the parties:

1. **Parties and Trial Counsel**:

The parties and designated trial counsel are correctly named as set out below:

| | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiffs: | **Brenda Corbett**<br>**Hubert Corbett** | **Charles Greene** |
| Defendants: | **Georgia Power Company** | **John G. Smith**<br>**Robert L. DeMoss III** |
| | **Steven A. Armstrong** | **Micheal Jackson** |

Any fictitious parties are hereby **STRICKEN**.

**Counsel Appearing at Pretrial Hearing:**

For *Plaintiffs Hubert and Brenda Corbett*: Charles Greene.

For ***Defendant Georgia Power Company***: John G. Smith, Robert L. DeMoss III, of Balch & Bingham LLP.

For ***Defendant Steven Armstrong***: Micheal Jackson.

2. **Jurisdiction and Venue**.

   (a) The court has subject matter jurisdiction of this action under the following statutes, rules or cases: 28 U.S.C. § 1332.

   (b) All jurisdictional and procedural requirements prerequisite to maintaining this action ***have*** been met.

   (c) Personal jurisdiction and/or venue ***are not*** contested.

3. **Pleadings**.  The following pleadings have been allowed:

   - Complaint, Doc. 1-1 at 12;
   - Defendant Georgia Power Company's Answer to Complaint, Doc. 1-1 at 74;
   - Defendant Steven Armstrong's Answer to Complaint, Doc. 1-1 at 57.

4. **Contentions of the Parties:**

   A. **For Plaintiffs Hubert and Corbett:**

Plaintiffs Hubert and Brenda Corbett ("the Corbetts") sued defendants Steven Armstrong ("Armstrong") and Georgia Power, his employer, after a motor vehicle wreck that occurred in Phenix City, Alabama on January 14, 2022 (the "Wreck"). Armstrong caused the wreck when he failed to yield the right of way and pulled out in front of the Corbetts.  Georgia Power is liable for the wreck under the legal doctrine of vicarious liability because its employee,

2

Armstrong, caused the wreck while in his Georgia Power truck and in route to his Georgia Power work site, i.e. while acting in the line and scope of his employment with Georgia Power.

Additionally, Georgia Power ratified Armstrong's actions on the day of the wreck such that it is liable even if it is decided that Armstrong acted outside the scope of his employment. Despite contending that Armstong was on a personal errand at the time of the wreck, Georgia Power neither docked Armstrong's pay nor reprimanded him for his actions on the day of the wreck. Moreover, Armstong's superiors found that Armstrong met and satisfied all of Georgia Power's safety and vehicle use policies on the day of the wreck. Thus, even if Armstong were found to have been outside the scope of his employment at the time of the wreck, Georgia Power ratified his actions that led to the wreck after gaining full knowledge of the circumstances leading up to the wreck.

As a result of the wreck, the Corbetts suffered serious injuries and incurred medical bills associated with those injuries. Ms. Corbett spent almost a week in the hospital, after being transferred to Atlanta, for her injuries.

### B. **For Defendant Steven Armstrong:**

Armstrong denies that he was guilty of wanton conduct. While he admits that he failed to yield the right of way to Mr. Corbett, Armstrong contends that he reasonably relied upon another motorist signaling to Armstrong that the way was clear

for Armstrong to enter the turning lane in which Mr. Corbett was traveling. Therefore, Armstrong denies that he was negligent or wanton.

Armstrong also contests the damages claimed by Mrs. Corbett and contests that the damages she claims were proximately caused by this accident.

### C. **For Defendant Georgia Power Company:**

Plaintiffs Hubert and Brenda Corbett ("the Corbetts") assert Alabama-law claims against defendants Steven Armstrong ("Armstrong") and Georgia Power, his employer, arising from a motor vehicle accident that occurred in Phenix City, Alabama on January 14, 2022 (the "Accident"). The Corbetts allege that Georgia Power is liable for the accident under the legal doctrine of vicarious liability. They also assert that Georgia Power is liable because, they claim, Georgia Power negligently and/or wantonly hired, trained, supervised and retained and/or monitored Armstrong.

Georgia Power contends that it cannot be liable for Mr. Armstrong's actions because he was acting outside the scope of his employment with Georgia Power when the accident occurred. Mr. Armstrong was on a personal errand to assist his daughter with a flat tire at the time of the accident, and he did not ask his supervisor's permission to engage in that errand. Mr. Armstrong was not conferring any benefit on Georgia Power at the

4

time of the accident. Under these circumstances, there cannot be vicarious liability as to Georgia Power. Moreover, Georgia Power did not "ratify" Mr. Armstrong's conduct merely because it did not discipline him following the accident.

Georgia Power is not liable for the Corbetts' claims of wrongful hiring, training, supervising, retaining and monitoring (to the extent that any of these claims are recognized by Alabama law in the context presented here), because all of these claims are premised on the notion that Mr. Armstrong was an incompetent driver at the time of the Accident and that Georgia Power knew or should have known of his incompetence. Mr. Armstrong was demonstrably *not* an incompetent driver because he had no adverse driving history and, furthermore, there is no proof that Georgia Power knew or should have known that Armstrong had committed any other act or acts or failed to do anything that would have indicated he was an incompetent driver. Accordingly, Georgia Power could not have known of his alleged incompetence.

Finally, there is no proof of any wanton conduct by either Mr. Armstrong or Georgia Power, much less clear and convincing evidence of conduct that would allow for an award of punitive damages against either defendant.

5. **Stipulations By and Between the Parties:**

   A. Mr. Armstrong failed to yield the right of way to the Corbetts when he entered U.S. Highway 80.

   B. Following the accident, Mr. Corbett received treatment at St. Francis Hospital, Inphynet Primary Care Physicians, Southern Bone and Joint, Elite Physical Therapy, and Total Rehab. Mr. Corbett's medical records are true and correct copies for each facility, were made in the ordinary course of that facility's business and made contemporaneously with each of Mr. Corbett's visits.

   C. Following the accident, Mrs. Corbett received treatment at St. Francis Hospital, Grady Hospital, River City Rehab, Community Hospital, West Georgia Neurology and Neuro Diagnostics, Southern Bone and Joint, Dothan Surgery Center, Bridgeway Diagnostics, and Total Rehab. Mrs. Corbett's medical records are true and correct copies for each facility, were made in the ordinary course of that facility's business and made contemporaneously with each of Mrs. Corbett's visits.

It is **ORDERED** that the above provisions be binding on all parties unless modified by further order for good cause shown.

\*\*\*

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last three to four days, now set for January 22, 2024, are reset for February 26, 2024, at 10:00 a.m. at the United States Courthouse in Opelika, Alabama.

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits.

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at

trial) are required to be filed by February 16, 2024.

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 20) entered by the court on December 21, 2022.

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 4th day of December, 2023.

                                                 /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**